NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2007[*]
Decided October 11, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1495

| | |
|---|---|
| GWENESTHER F. MANNING, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 7010 |
| JOHN E. POTTER, Postmaster General, United States Postal Service *Defendant-Appellee.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Gwenesther Manning contends that her employer, the United States Postal Service, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title VII of the Civil

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Rights Act of 1964, 42 U.S.C. § 2000e, through a host of adverse actions that it allegedly took against her. Manning also brings claims under the Federal Employment Compensation Act (FECA), 5 U.S.C. § 8103, and the Federal Tort Claim Act (FTCA), 28 U.S.C. § 2674. The district court granted summary judgment in favor of the Postal Service, and for the reasons that follow, we affirm.

As the party opposing a motion for summary judgment in the district court, Manning was required to file a concise statement identifying any disputes with the moving party's statement of material facts. *See* N.D. Ill. Loc. R. 56.1(b)(3). Her noncompliance with this rule—Manning's submission contained more than 400 paragraphs consisting of legal conclusions, opinions, immaterial facts, and facts unsupported by record citations—led the district court to disregard Manning's 56.1 responses to the extent that they violated the local rule. In doing so, the district court did not abuse its discretion, *see Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006), and we will similarly rely on the parties' statements of material facts to the extent they comply with the local rule.

In August 1998 the Postal Service hired Manning as a part-time flexible letter carrier, a position that does not entitle the worker to a regular work schedule or guaranteed hours. At the time she was hired, Manning was forty-one years old and had no medical limitations. In January 1999 Manning reported experiencing pain in her feet, so the Postal Service placed her on limited duty. She was also later diagnosed with major depressive disorder and panic disorder. Manning eventually filed a claim for worker's compensation, which was granted in 2001. Although she is still employed by the Postal Service, Manning has not worked since 2001; she continues to receive 75% of her salary through worker's compensation.

Manning's employment relationship with the Postal Service has been contentious since its inception. Shortly after she was hired, Manning filed her first complaint of discrimination with the Postal Service's Equal Employment Opportunity office, alleging that she was wrongfully asked to leave the office. Manning would go on to file six additional complaints; among the issues she raised was that the Postal Service retaliated against her by failing to provide her with movie passes that other employees had received, by changing the vehicle assigned to her route, and by altering her work hours. After exhausting her administrative remedies, Manning brought this lawsuit in August 2005.

In her first amended complaint, Manning alleged that the Postal Service (1) violated the ADEA by treating younger employees more favorably; (2) failed to reasonably accommodate her disabilities; (3) created a hostile work environment because of her age and disability; (4) retaliated against her in violation of Title VII; (5) failed to authorize medical treatment in violation of the FECA; and (6) refused to refund insurance premiums she had paid, which, according to Manning, constituted

a tort. The Postal Service moved for summary judgment, which the district court granted after determining that Manning could not identify similarly situated, younger employees who were treated more favorably and that Manning presented no evidence supporting any of her other claims. Manning timely moved to alter or amend the judgment under Rule 59(e), and after the district court denied that motion, she moved for relief from judgment under Rule 60(b)(3), which the district court also denied.

On appeal Manning largely rehashes the arguments she made to the district court. She also argues that the district court abused its discretion in denying her motions under Rule 59(e) and Rule 60(b)(3). We review de novo the district court's grant of summary judgment. *See Perez v. Illinois*, 488 F.3d 773, 776 (7th Cir. 2007). A party opposing summary judgment may not rest on mere allegations, but must introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial. *Anders v. Waste Mgmt. of Wis. Inc.*, 463 F.3d 670, 675 (7th Cir. 2006).

Manning first contends that the Postal Service violated the ADEA. She does not attempt to prove discrimination through the direct method, so she must proceed under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To satisfy this burden, Manning must show that (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she suffered a materially adverse employment action; and (4) similarly situated employees outside of her protected class were treated more favorably. *See Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 559 (7th Cir. 2007). Manning cannot show that she suffered a materially adverse employment action. She alleges that specific younger employees were "working more hours," but because Manning's position as a part-time flexible letter carrier entitled her to only four hours of work per day, it is not clear how working fewer than forty hours per week could amount to a materially adverse employment action taken because of her age.

Manning's claim that the Postal Service failed to accommodate her disability in violation of the Rehabilitation Act similarly fails. Suffering an adverse employment action is also an element of a prima facie case under the Rehabilitation Act. *See Scheerer v. Potter*, 443 F.3d 916, 918 (7th Cir. 2006). Like her ADEA claim, the types of actions that Manning complains of—denials of leave requests and changes in her work schedule—do not constitute adverse employment actions, given her position as a part-time, flexible carrier. *See Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004) (defining adverse employment action as one that "significantly alters the terms and conditions of the employee's job"). We therefore conclude that the district court properly granted summary judgment on these claims.

Manning also claims that the Postal Service subjected her to a hostile work environment, which is created when the employer's conduct is "sufficiently severe or pervasive to alter the conditions of the [victim's] employment and create an abusive working environment." *See Patton v. Keystone RV Co.*, 455 F.3d 812, 815-16 (7th Cir. 2006) (internal quotations omitted). Among the factors that are important in evaluating whether harassment is pervasive or severe are "the frequency, severity, and threatening or humiliating nature of the discriminatory conduct and whether it unreasonably interferes with the employee's work performance." *See Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005) (citation omitted). The actions that the Postal Service allegedly took against Manning, such as changing her daily starting time or reducing the number of hours that she worked, do not rise to the level of actionable harassment. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 660 (7th Cir. 2001) (noting that rude or unfair behavior does not rise to level of "legally redressible discrimination").

Next Manning argues that the Postal Service retaliated against her in violation of Title VII. Title VII's anti-retaliation provision prohibits employers from discriminating against employees for opposing discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-3(a); *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007). Here although Manning generally alleges that she was retaliated against, she has presented no evidence to establish that any actions were taken because she opposed discrimination that she reasonably believed violated Title VII. *See Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.*, 224 F.3d 701, 704-07 (7th Cir. 2000). Therefore, we conclude that the district court properly granted summary judgment on this claim.

Manning next argues that the Postal Service failed to promptly authorize her medical treatment after her foot injury and attempted to have her worker's compensation claim terminated in violation of the FECA. The FECA authorizes the Secretary of the Department of Labor to furnish medical services to federal employees who are injured on the job. *See* 5 U.S.C. § 8103. Manning cannot sue the Postal Service for violating the FECA because, aside from constitutional challenges not alleged by Manning, the Secretary's decisions under the FECA are not subject to judicial review. *See* 5 U.S.C. § 8128(b); *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437-42 (7th Cir. 1996) (en banc). Manning also argues that the Postal Service violated the FTCA by refusing to refund her insurance premiums, but, as the district court noted, Manning failed to exhaust her administrative remedies. Thus summary judgment on these claims was warranted as well.

Finally, Manning's motions under 59(e) and 60(b)(3) merely reargued the merits of her underlying claim. Because we conclude that the district court

properly granted summary judgment on those claims, we reject Manning's contention that the court abused its discretion by denying her motions.

AFFIRMED.